# EXHIBIT "A"

IN THE COUNTY COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY FLORIDA

BRANTLEY OAKEY

    Plaintiff,                                Case No.:

v.

NATIONAL MERCHANT SERVICES, LLC

    Defendant,
_____/

## COMPLAINT

COMES NOW the Plaintiff, BRANTLEY OAKEY, by and through the undersigned attorney and brings this action against the Defendant, NATIONAL MERCHANT SERVICES, LLC, stating the following:

### PARTIES AND VENUE

1. The Plaintiff is a resident of Collier County, Florida
2. The Defendant is a business incorporated in New York that does business in Florida.
3. Venue is proper in Collier County because the events that give rise to this cause of action occurred in Collier County.
4. The amount of the claim is greater than $15,000.
5. The Plaintiff is the account holder on a cell phone with a phone number ending in 4630. This account is with Verizon Wireless and is a personal account, not a business account.
6. The Plaintiff's wife uses this cell phone line ending in 4630 primarily for personal use.

### COUNT I: INTENTIONAL VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

7. The Plaintiff incorporates paragraphs 1-6 herein.
8. The Telephone Consumer Protection Act (TCPA) was passed by congress to prevent calls and text messages received by the Plaintiff: "Voluminous consumer complaints about

abuses of telephone technology-for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." Mims vs. Arron Fin. Serv., LLC, 132 S. Ct. 740, 744 (2012).

9. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102-243, §. 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at §. 12.

10. Judge Easterbrook explained the following about the need for the TCPA:
> The Telephone Consumer Protection Act . . . is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enahced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

11. Between August 29, 2016 and September 15, 2016, the Defendant called the Plaintiff's cell phone no less than 48 times.
12. At no time has the Plaintiff done business with the Defendant.
13. At no time has the Plaintiff given consent to be called by the Defendant.

14. In fact, the Plaintiff's wife indicated to the Defendant's employees that she is uninterested in the Defendant's credit card processing services and asked to be placed on their "do not call" list.
15. The Plaintiff's cell phone is registered on the Federal "Do Not Call" Registry.
16. The calls placed by the Defendant utilized an auto dialer as defined in (47 U.S.C. §. 227(a)(1)(B)).
17. The Defendant's calls were not for emergency purposes as defined by 47 U.S.C. §. 227 (b)(1)(B).
18. These telephone calls violated 47 U.S.C. S. 227(b)(1)(B).
19. The Defendant's violation was willful and knowing.
20. The Plaintiff is entitled to $1,500 for each willful violation of the TCPA

## COUNT II: NEGLIGENT VIOLATION OF TCPA

21. The Plaintiff incorporates paragraphs 1-18 herein.
22. The Defendant's violations of the TCPA were not knowing or willfully done.
23. The Plaintiff is entitled to $500 for each negligent violation of the TCPA.

## PRAYER FOR RELIEF
### COUNT I

WHEREFORE, the Plaintiff demands judgment in the amount of $72,000 against the Defendant along with court costs and interest and any other relief the Court deems just.

### COUNT II

WHEREFORE, the Plaintiff demands judgment in the amount of $24,000 against the Defendant along with court costs and interest and any other relief the Court deems just.

The Law Office of Brantley Oakey
/s/ Brantley Oakey
Bar No. 99076
/s/ Mark Rasmuson
Bar No. 122090

780 5th Ave. S, Ste. 200
Naples, FL 34102
239-963-2897
boakey@naplesattorney.biz